UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT ALTMAN                                    CIVIL ACTION NO. 26-cv-1294

VERSUS                                           JUDGE VAN HOOK

RAHEIM J JOHNSON ET AL                           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Robert Altman("Plaintiff") filed this civil action in state court for damages arising out of an auto collision. Defendants Swift Transportation Services, LLC, Swift Transportation Co. of Arizona, LLC, and Knight Swift Transportation Holdings, Inc. removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy greater than $75,000. There is a question as to whether the removing defendants have satisfied their burden with respect to the amount in controversy. The removing defendants will be allowed until **July 20, 2026** to file an amended notice of removal and attempt to set forth additional facts in support of their burden.

The petition filed in state court alleges that defendant Raheim Johnson was operating a tractor-trailer owned by Swift Transportation when the tractor-trailer began to malfunction. The tractor-trailer came to a complete stop in the center lane of I-20. Plaintiff alleges that Johnson did not turn on his hazard lights or otherwise warn oncoming motorists of the inoperable tractor-trailer. Plaintiff was driving his truck and hauling a trailer in the

center lane of I-20 behind multiple vehicles.  The vehicle in front of Plaintiff suddenly changed lanes, barely missing the tractor-trailer.  Plaintiff alleges he had no time to avoid impacting the inoperable tractor trailer and collided into the back of the trailer.  Plaintiff alleges that the impact "destroyed [Plaintiff's] truck and he suffered severe physical and emotional injuries."

The petition, in accordance with Louisiana law, does not seek a particular amount of damages.  It does allege that Plaintiff sustained various categories of damages such as physical and mental pain and suffering, medical expenses, loss of enjoyment of life, lost wages, loss of economic opportunity, and property damage.

The court determines whether removing defendants have satisfied the amount in controversy requirement by first asking whether it is "facially apparent" from the state court petition that the claims exceed $75,000 in value. If it is not facially apparent that the monetary requirement is satisfied, the defendants may establish federal jurisdiction by alleging facts—either in the notice of removal or by affidavit—that support a conclusion that the amount in controversy requirement is satisfied.  Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638–39 (5th Cir. 2003); Menendez v. Wal-Mart Stores, Inc., 364 Fed. Appx. 62, 66 (5th Cir. 2010).

The notice of removal pointed to the rather general allegations in the petition and asserted that it was facially apparent that the amount in controversy element was satisfied. The removing defendants point to the allegation that the accident resulted in "severe physical and emotional injuries" and "destroyed" Plaintiff's vehicle to support their claim

that the amount in controversy exceeds $75,000.  These claims are vague.  The petition does not even identify any particular injury that Plaintiff claims was caused by the accident.

Plaintiff does claim various categories of damages, but this court has noted that virtually every personal injury petition filed in state and city courts alleges the standard categories of damages sought, e.g., pain and suffering, past and future medical expenses, loss of earnings, etc.  Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012).  A personal injury suit does not become a federal case just because the plaintiff's attorney alleges a wholly unspecified injury and the petition includes a boilerplate list of damage categories.  Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018).  If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable.  Id.

Accordingly, the removing defendants will be granted the opportunity to file an amended notice of removal and attempt to provide additional facts that are relevant to the amount in controversy.  Those facts might include the nature of the injuries claimed by Plaintiff, or the type, duration, or expense of medical care required by Plaintiff.  Also relevant are any pre-suit settlement demands, which district courts throughout Louisiana have said can be "valuable evidence" in determining the amount in controversy.  Lowrie v. Wal-Mart, 2015 WL 9685508, *2 (W.D. La. 2015) (Hornsby, M.J.) (collecting cases).  The court will assess the case after the deadline to determine whether (1) the removing defendants have met their burden with respect to the amount in controversy or (2) the case must be remanded for lack of subject matter jurisdiction.

It does not appear that defendant Raheim Johnson has been served. Plaintiff is reminded of his obligation to serve Johnson within 90 days of the filing of the notice of removal, which is **July 22, 2026**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2026.

Mark L. Hornsby
U.S. Magistrate Judge